Filed 6/11/26  In re M.R. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.R. et al., Persons Coming Under the Juvenile Court Law. | B351089 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>T.V.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP01192D-G) |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Conditionally affirmed and remanded with directions.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Jane Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

T.V. (mother) appeals from the December 3, 2025 order terminating parental rights to four of her children under section 366.26.[1]  We conditionally affirm and remand.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles.  (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments.  [Citation.]  In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

The dependency case involved four of mother's children: M.R. (born November 2008), A.R. (born May 2013), A.Z. (born June 2017) and G.Z. (born January 2024).  P.R. is the presumed father of the two older children, and M.Z. is the presumed father of A.Z. and G.Z.

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

Mother's sole contention on appeal is that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) did not comply with their obligations under the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.). According to mother, the Department failed to comply with its duty to interview extended maternal and paternal family members regarding ICWA, despite having contact with several of those family members, or having sufficient information to be able to contact those family members. Mother points to the absence of any effort to ask five extended family members about possible Indian ancestry: the older children's paternal grandmother R.A. and paternal aunt Mary; and the younger children's paternal grandmother A.A., paternal uncle E.Z., and maternal aunt J.V.

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "[e]xtended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) The duty of initial inquiry includes making a meaningful effort to interview available relatives. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 552–553.)

The Department concedes error—acknowledging that it did not fulfill its duty of inquiry under ICWA because it did not ask

3

the extended family members identified above, who it was either in contact with or had contact information for, about possible Indian ancestry.  The Department requests that we conditionally affirm the order terminating mother's parental rights to the children and remand the matter for ICWA inquiry compliance.

We agree with the parties that the Department did not comply with its inquiry duty under ICWA and related California law when it failed to make a reasonable effort to ask reasonably available extended family members about possible Indian ancestry.  (See *In re H.V., supra*, 75 Cal.App.5th at p. 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.)  We therefore conditionally affirm and remand for further proceedings.

4

## DISPOSITION

The juvenile court's December 3, 2025 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion. The court shall order the Department to (1) make reasonable efforts to interview all available extended family members identified above about the possibility of the children's Indian ancestry; and (2) report on the results of those efforts. Nothing in this disposition precludes the court from ordering the Department to make inquiry of additional family members identified in the record or others who may have an interest in the child. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

KIM, (D.), J.

5